

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-24-00440-CR
No. 02-24-00441-CR

———————————————————

Ex parte Deon Kingston

---

On Appeal from the 158th District Court
Denton County, Texas
Trial Court Nos. F15-2002-158, F15-2684-158

---

Before Sudderth, C.J.; Kerr and Birdwell, JJ.
Memorandum Opinion by Chief Justice Sudderth

## MEMORANDUM OPINION

Appellant Deon Kingston sought postconviction habeas corpus relief from his felony convictions, and the trial court entered two orders recommending denial of the writ applications. *See generally* Tex. Code Crim. Proc. Ann. art. 11.07. Kingston attempts to appeal from these two orders. But "[t]his court has no jurisdiction over postconviction applications for writs of habeas corpus in felony cases."[1] *Ex parte Ngo*, No. 02-16-00425-CR, 2016 WL 7405836, at *1 (Tex. App.—Fort Worth Dec. 22, 2016, no pet.) (mem. op., not designated for publication); *see* Tex. Code Crim. Proc. Ann. art. 11.07, § 3(a) ("After final conviction in any felony case, the writ must be made returnable to the Court of Criminal Appeals . . . ."); *Ex parte Cole*, No. 02-24-00154-CR, 2024 WL 3611011, at *1 (Tex. App.—Fort Worth Aug. 1, 2024, no pet.) (per curiam) (mem. op, not designated for publication) ("[O]nly the Court of Criminal Appeals may consider postconviction habeas corpus relief under Article 11.07.").

---

[1]Kingston cannot correct this jurisdictional flaw by amendment. *Cf.* Tex. R. App. P. 44.3.

Accordingly, we dismiss Kingston's appeals for want of jurisdiction. *See* Tex. R. App. P. 43.2(f).

/s/ Bonnie Sudderth

Bonnie Sudderth
Chief Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: January 23, 2025